UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC CHRISTOPHER HOLDING, | Case No. 2:18-cv-01325-RFB-CWH |
| Plaintiff, | SCREENING ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, *et al.*, | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 4.) The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption

of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the Complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated at Three Lakes Valley Conservation Camp ("TLVCC"). (ECF No. 1-1 at 1). Plaintiff sues Clark County School District ("CCSD"), President of CCSD Deanna L. Wright, CCSD teacher Ms. Habermass, CCSD principal Ms. Froby, and NDOC director James Dzurenda. (*Id.* at 2-3). He alleges three counts and seeks injunctive relief and monetary damages. (*Id.* at 6, 9.)

The Complaint alleges the following: Plaintiff was falsely accused of wrongful conduct and expelled from an adult education class. (*Id.* at 4.) Plaintiff complained through the NDOC grievance system. (*Id.*) The NDOC made the decision that he was guilty with no investigation, hearing, or trial and no opportunity to call witnesses and present evidence. (*Id.*) Plaintiff's prison file was flagged and he had his bed moved and was suspended from further educational classes. (*Id.*) He was labeled a disruptive student, which could affect his possibility for parole and his classification. (*Id.*) Both the

3

CCSD and the NDOC pointed to the other as having jurisdiction to determine Plaintiff's guilt. (*Id.* at 5). Plaintiff did not have the opportunity to confront the witnesses against him. (*Id.* at 6).

Plaintiff alleges that this conduct denied him his Fourteenth Amendment right to due process, denied him his First Amendment right to access to the courts, and denied him his Sixth Amendment right to confront witnesses. (*Id.*)

### A. Sixth Amendment – Confrontation Clause

The Sixth Amendment right of confrontation applies only to criminal prosecutions. *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005). Therefore, it does not apply to Plaintiff's allegations and Plaintiff does not state a colorable Sixth Amendment claim. The Court therefore dismisses the Sixth Amendment claim with prejudice.

### B. Fourteenth Amendment – Due Process

Standard due process analysis requires the existence of a liberty or property interest. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). When there is such a liberty interest or property interest, the only other issue is whether the plaintiff was deprived of that interest without the constitutionally required procedures. *Id.* at 219-20. Plaintiff, who is not a minor, does not have a liberty interest or property interest in adult educational instruction provided by the prison. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092 (9th Cir. 1986). Similarly, he does not have a liberty interest in his classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that prisoners have no constitutional entitlement sufficient to invoke due process with respect to their classification status); *Meachum v. Fano,* 427 U.S. 215, 225, 228 n.8 (1976). Furthermore, the allegations that Plaintiff's prison file was flagged and that this may affect Plaintiff's chances at parole are not sufficient to invoke the procedural protections of the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that claim that false misconduct charge might affect possibility of parole is "too attenuated to invoke procedural guarantees of Due Process Clause).

4

Accordingly, Plaintiff does not and cannot state a colorable due process claim. The Court therefore dismisses the due process claim with prejudice.

### C. Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 346 (1996). The right is simply the right to bring to court a claim the inmate wishes to present and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. To bring a claim, the plaintiff must have suffered an actual injury by being denied access to the courts. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis,* 518 U.S. at 351. A plaintiff may not pursue a claim for denial of access to the courts based merely on the failure of staff to respond to his grievances in a particular way or based on the rejection of his grievances; prisoners have no constitutional rights to the handling of grievances in any particular manner. *See Mann v. Adams*, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Patterson v. Kane*, No. 06-15781, 2006 WL 3698654, at *1 (9th Cir. Dec. 13, 2006) (recognizing that denial of a grievance does not rise to the level of a constitutional violation). Thus, Plaintiff does not and cannot state a colorable claim based merely on the response to his grievance or based on the grievance process.

The First Amendment right at stake is not the grievance system, but the right to access the courts. *See Lewis*, 518 U.S. at 346. Thus, the constitutional injury is not the grievance system itself or the denial of grievance by a prison official, but instead is a specific denial of particular kinds of non-frivolous legal claims *in court*. *Id.* at 353 n.3, 354-55; *Christopher*, 536 U.S. at 415-18. To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Lewis*, 518 U.S. at 346. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

It is apparent that none of the Defendants prevented Plaintiff from obtaining access to the courts for review of his constitutional claims; the Court is addressing those constitutional claims in this screening order. Although Plaintiff has not obtained a favorable substantive ruling, that does not mean he has been denied access to the court.

Accordingly, Plaintiff does not and cannot state a colorable access to the courts claim. The Court therefore dismisses this claim with prejudice.

**III. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the entire complaint is dismissed with prejudice for failure to state a claim, as amendment would be futile.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court close this case and enter judgment accordingly.

DATED this 17th day of May, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE